UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CHARLES M. ROBINSON

VS.                                           C.A. No: 04-945-GMS

THOMAS CARROLL et.al

## RESPONCE TO RESPONDENTS ANSWER TO PETITIONER PETITION FOR A WRIT OF HABEAS CORPUS

  COMES NOW, THE PETITIONER, CHARLES M. ROBINSON, PRO-SE, MOVES THIS HONORABLE COURT TO CONSIDER THE PETITIONERS RESPONCE TO RESPONDENTS ANSWER TO PETITIONERS PETITION FOR A WRIT OF HABEAS CORPUS BEFORE PASSING JUDGMENT.



FILED
AUG -8 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1. First, The State Claims That The Petitioner Can Not Seek Review Of His Conviction Or Sentence, Because He Is A Person In Custody Pursuant To The Judgment Of A State Court. Citing § 2254(d). Which States:

(d) An Application For A Writ Of Habeas Corpus On Behalf Of A Person In Custody Pursuant To Judgment Of A State Court Shall Not Be Granted With Respect To Any Claim That Was Adjudicated On The Merits In The State Court Proceeding Unless The Adjudication Of The Claim

(1) Resulted In A Decision That Was Contrary To, Or Involved A Unreasonable Application Of, Clearly Established Federal Law, As Determined By The Supreme Court Of The United States; Or

(2) RESULTED IN A DECISION THAT WAS BASED ON AN UN-REASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING.

2. AS TO § 2254(d)(1), THE PETITIONER IS CLAIMING THAT THE DECISION OF THE STATE COURT WAS CONTRARY TO, OR INVOLVED AN OBJECTIVELY UN-REASONABLE APPLICATION OF, CLEARLY ESTABLISHED FEDERAL LAW, AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES. SEE: DROPE VS. MISSOURI 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; PATE VS. ROBINSON 383 U.S. 375, 86 S.Ct. 836 15 L.Ed.2d 815 (1966). WHICH HOLDS THAT "WHETHER A DEFENDANT IS COMPETENT TO STAND TRIAL IS A QUESTION OF FEDERAL CONSTITUTIONAL LAW. DUE PROCESS FORBIDS A STATE TO TRY OR CONVICT A DEFENDANT WHO IS INCOMPETENT TO

STAND TRIAL. SEE ALSO: DROOP VS. MISSOURI 420 U.S. 162, 180, WHICH STATES: "A TRIAL COURT MUST ALWAYS BE ALERT TO CIRCUMSTANCES SUGGESTING A CHANGE THAT WOULD RENDER THE ACCUSED UN-ABLE TO MEET THE STANDARDS OF COMPETENCE TO STAND TRIAL". SEE ALSO: DROPE VS. MISSOURI 420 U.S. 162 WHICH STATES: "THE DISPUTE CONCERNS THE INFERENCES THAT WERE TO BE DRAWN FROM THE UN-DISPUTED EVIDENCE AND WHETHER, IN LIGHT OF WHAT WAS THEN KNOWN, (DEFENDANT HEARING VOICES) THE FAILURE TO MAKE FURTHER INQUIRY INTO DEFENDANTS COMPETENCE TO *145 STAND TRIAL, DENIED HIM A FAIR TRIAL". SEE ALSO: PATE VS. ROBINSON 383 U.S. 745 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), WHICH HELD: "THAT THE FAILURE TO OBSERVE PROCEDURES ADEQUATE TO PROTECT A DEF- ENDANTS RIGHT NOT TO BE TRIED OR

CONVICTED WHILE INCOMPETENT TO STAND TRIAL DEPRIVES HIM OF HIS DUE PROCESS RIGHTS TO A FAIR TRIAL".

3. THE STATE ALSO CLAIMS THAT THE PETITIONER DOES NOT HAVE DUE PROCESS RIGHTS STATING: "A PROBATION REVOCATION HEARING IS NOT A STAGE OF A CRIMINAL PROSECUTION AND THUS THE FULL PANOPLY OF TRIAL RIGHTS DUE A DEFENDANT DOES NOT APPLY". WHICH IS FALSE. SEE: MORRISEY VS. BREWER, 408 U.S. 471, 480-81 (1972); GAGNON 411 U.S. AT 482, WHICH STATES: "A REVOCATION OF PROBATION DOES EFFECT A CONVICTS CONDITIONAL LIBERTY, AND THUS SOME PROCESS IS DUE BEFORE THAT LIMITED LIBERTY INTEREST IS INFRINGED". SEE ALSO: MORRISEY 408 U.S. AT 489; GAGNON 411 U.S. AT 786, WHICH HOLDS: "A PROBATIONER IS ENTITLED TO THE SAME MINIMUM REQUIREMENTS OF DUE PROCESS BEFORE HAVING HIS PROBATION REVOKED". SEE ALSO:

Jermyn vs. Horn, 266 F.3d 254 (3rd Cir 2001); Dusky vs. United States 362 U.S. 402 (1960) (Per Curiam) Which also uphold Due Process Rights In A Violation Of Probation Hearing.

    4. Finally the State claims that by "The Trial Courts proceeding with the Hearing, Impliedly Found That Robinson Was Competent, And There Was No Need To Conduct A Competency Hearing". The State Is Trying To Claim That The Trial Judge Was "Certified" In Determining Whether The Defendant Was Competent To Stand Trial, Which Is A Violation Of His Due Process Rights. The United States Supreme Court Had Clearly Stated In Drope vs. Missouri 420 U.S. 162, 180. Which States: "If There Are Doubts Giving Rise To Doubt A Probationers Competency, The Court

SHOULD MAKE FUTHER INQUIRIES TO DETERMINE THE PROBATIONERS FITNESS TO PROCEED." WHICH CLEARLY MEANS TO HAVE THE PROBATIONER EVALUATED BY A "CERTIFIED" PHYSIOLOGIST, NOT TAKE MATTERS INTO HIS OWN HANDS AND PLAY PSYCHOLOGIST.

     5. THE PETITIONER HAS ATTACHED HIS TRANSCRIPT OF HIS VIOLATION OF PROBATION HEARING AND SENTENCING ON JULY 22 2003, AS HIS EXHIBIT "A." IT WILL CLEARLY SHOW THAT ONCE THE PETITIONER MADE THE TRIAL JUDGE AWARE OF A CHANGE IN HIS MENTAL STATE, SINCE HIS PREVIOUS EVALUATION, THE TRIAL JUDGE MADE "NO ATTEMPT" TO VERIFY HIS COMPETENCY, PRIOR TO CONTINUING. WHICH CLEARLY VIOLATES HIS DUE PROCESS RIGHTS TO A FAIR TRIAL.

WHEREFORE, FOR THE FOREGOING REASONS, THE PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE GRANTED.

AUGUST 1ST, 2005
DATED

_Charles M. Robinson_
CHARLES M. ROBINSON
SBI# 00342781
DE CORR CTR.
1181 PADDOCK RD.
SMYRNA, DE. 19977

## CERTIFICATE OF SERVICE

THE UNDERSIGNED, CHARLES M. ROBINSON, HEREBY CERTIFIES THAT ON AUGUST 5TH, 2005, HE CAUSED TWO (2) COPIES OF THE ATTACHED DOCUMENT TO BE PLACED IN THE U.S. MAIL FIRST CLASS POSTAGE PREPAID, ADDRESSED TO:

ELIZABETH R. McFARLAN
DEPUTY ATTORNEY GENERAL
DEPARTMENT OF JUSTICE
820 N. FRENCH ST.
WILMINGTON, DE. 19801


AUGUST 5TH, 2005

Charles M. Robinson
CHARLES M. ROBINSON
00342781
DE CORR. CTR.
1181 PADDOCK RD.
SMYRNA, DE. 19977

CHARLES M. ROBINSON
#346781 UNIT MMU 23
DELAWARE CORRECTIONAL CENTER
PADDOCK ROAD
SMYRNA, DELAWARE 19977

$03.95 AUG 05 2005
MAILED FROM ZIPCODE 19977

UNITED STATES DISTRICT COURT
CLERKS OFFICE
844 N. KING ST. (LOCKBOX 18)
WILMINGTON, DE. 19801

Legal Mail


U.S.M.S
X-RAY