**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHARLES M. ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-945-GMS |
| | ) | |
| THOMAS CARROLL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

———————————

Charles M. Robinson. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Attorney for respondent.

———————————

**MEMORANDUM OPINION**

March _30_ , 2006
Wilmington, Delaware

Sleet, District Judge

## I. INTRODUCTION

Petitioner Charles M. Robinson ("Robinson") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. He has filed the pending petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (D.I. 2.) For the reasons that follow, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 2002, Robinson entered a guilty plea in the Delaware Superior Court to fourth degree rape. The Superior Court sentenced him to ten years of incarceration at Level V, suspended for one year at Level IV home confinement, followed by decreasing levels of probation. On November 8, 2002, the Superior Court determined that Robinson violated the terms of his home confinement. However, Robinson's probation officer requested sentencing to be postponed to enable the Delaware Psychiatric Center to perform a psychological and psychiatric examination. *Robinson v. State*, 2004 WL 1656503 (Del. July 20, 2004). In the interim, the Department of Correction conducted its own mental health evaluation of Robinson. On December 11, 2002, after reviewing the Department of Correction's evaluation, the Superior Court judge withdrew the request for an examination by the Delaware Psychiatric Center and re-scheduled the sentencing. (D.I. 11, at Exh. E in State's Motion to Affirm in *Robinson v. State*, No.415, 2003). Thereafter, on January 24, 2003, the Superior Court found Robinson in violation of probation, and on January 27, 2003 issued a corrected sentencing order re-sentencing Robinson to ten years of incarceration at Level V, suspended for one year at a Level IV residential substance abuse treatment program, followed by decreasing levels of probation.

1

In July 2003, Robinson was unsuccessfully discharged from the residential treatment program. The Superior Court conducted a hearing on July 22, 2003, and determined that Robinson had violated the terms of his probation by virtue of having failed the residential treatment program. The Superior Court re-sentenced him to nine years of incarceration at Level V, suspended after successful completion of substance abuse and family problem programs for one year of Level IV residential substance abuse treatment, suspended in turn after successful completion to decreasing levels of probation. *See generally Robinson*, 2004 WL 1656503.

Robinson appealed his July 2003 violation of probation, contending that he was denied a fair trial because he was mentally incompetent at the July 22, 2003 sentencing. *Id.* at **1. The Delaware Supreme Court affirmed the Superior Court's decision. *Id.* at **2.

## III. GOVERNING LEGAL PRINCIPLES

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Additionally, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the

2

applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

If the highest state court adjudicated the federal claim on the merits, a federal district court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim is "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties claims, with *res judicata* effect, [and] is based on the substance of the claim advanced, rather than on a

3

procedural, or other ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004)(internal

citations omitted), *reversed on other grounds by Rompilla v. Beard*, 125 S.Ct. 2456, 162 L.Ed.2d

360  (2005).

When reviewing a § 2254 petition, a federal district court must presume the state court's

determinations of factual issues are correct, unless the petitioner presents clear and convincing

evidence to the contrary.  28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341

(2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues,

whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).  This

presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v.*

*Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

**IV.  DISCUSSION**

In his sole habeas claim, Robinson asserts that the Superior Court violated his right to due

process by failing to hold a competency hearing prior to the July 2003 sentencing for his

violation of probation.  Robinson presented the instant claim to the Delaware Supreme Court on

appeal from his revocation of probation, and the Delaware Supreme Court denied it as meritless.

Therefore, the court must apply the deferential standard contained in § 2254(d)(1) and determine

if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application

of, Supreme Court precedent.

It is well-settled that a probation revocation hearing is not a stage a of a criminal

prosecution and therefore, the full panoply of trial rights due a defendant does not apply.  *See*

*Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973).  However, a probationer is entitled to some

minimum requirements of due process before his probation can be revoked.  *See Morrissey v.*

4

*Brewer*, 408 U.S. 471, 480-81 (1972).   The Due Process clause of the Federal Constitution

prohibits a person from being tried and convicted while incompetent.  *Pate v. Robinson*, 383 U.S.

375 (1966).  There is authority suggesting that a probation revocation hearing is akin to a trial

with respect to competency issues.  *See Maxwell v. Barnett*, 927 F.2d 596 (Table), 1991 WL

22828, at **4 (4th Cir. Feb. 26, 1991) .  Consequently, if, during a probation revocation hearing,

the facts presented raise a question about a probationer's competency, the court must make

further inquiries to determine the probationer's fitness to proceed.  *See Drope v. Missouri*, 420

U.S. 162, 180 (1975).  "In determining whether there were sufficient indicia of incompetence to

warrant the trial court to order a competency evaluation or hearing on its own motion, [the

reviewing court] must consider their probative force in the aggregate, although any one factor

may be sufficient depending on the circumstances."  *Jermyn v. Horn*, 266 F.3d 257, 292 (3d Cir.

2001)(citing *Drope*, 420 U.S. at 180).  Presuming the standard of competence for a probation

revocation proceeding is akin to the standard of competence to stand trial, a probationer is

competent if he has "a sufficient present ability to consult with his lawyer with a reasonable

degree of rational understanding" and he possesses "a rational as well as factual understanding of

the proceedings against him."  *Dusky v. United States*, 362 U.S. 402 (1960); *see also Jermyn v.*

*Horn*, 266 F.3d 257, 283 (3d Cir. 2001).

The court has reviewed the record, and concludes that the Delaware state courts

reasonably determined that a competency hearing was not required.[1]  During his July 2003

violation of probation hearing, Robinson informed the Superior Court that he had been diagnosed

---

[1]The test in Delaware for competency to stand trial is set forth at Del. Code Ann. tit. 11, §
404(a).

"with schizophrenia," and that his prison counselor had asked him to request the court to place

him at the Delaware Psychiatric Center. (D.I. 11, Exh H at 2, attached to State's Motion to

Affirm in *Robinson v. State*, No.415, 2003).  However, Robinson's Treatment Access Service

Center ("TASC") case manager contradicted that statement, and reported that the counselor had

never mentioned sending Robinson to the state hospital. *Id.* at 4.  The TASC case manager also

noted that the Department of Correction's evaluation did not recommend a further psychiatric

evaluation, and stated that Robinson's treatment record demonstrated that Robinson was non-

compliant regarding treatments and medications. *Id.* at 3; *see also* (D.I. 11, Violation Report,

Exh. G, attached to State's Motion to Affirm in *Robinson v. State*, No.415, 2003 ).

The Superior Court judge listened to the conflicting testimonies.  With respect to

Robinson's contention that his counselor recommended treatment at the Delaware Psychiatric

Center, the judge noted that the counselor had not submitted any written recommendation for a

psychiatric evaluation of Robinson, which was the normal method for such requests to be made.

*See*  (D.I. 11, Exh. H at 4, attached to State's Motion to Affirm in *Robinson v. State*, No.415,

2003. )  The judge then stated that he would "consider anything that is appropriate if there is a

change in circumstances or information I did not know," and proceeded with the revocation of

probation hearing. *Id.* at 6.  On appeal, the Delaware Supreme Court found that the record

revealed "no substantiation of Robinson's claim that he was incompetent at the time of the

sentencing or that the Superior Court disregarded his claim as to his mental status." *Robinson*,

2004 WL 1656503, at **1.

"'[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior

medical opinion on competence' are relevant considerations in determining whether the trial

court should inquire into the defendant's competence on its own motion." *Jermyn*, 266 F.3d at

298 (quoting *Drope*, 420 U.S. at 180.).  Here, aside from Robinson's unsupported contention

regarding his counselor's statement regarding his need for psychiatric treatment, nothing

occurred during the revocation hearing sufficient to warrant a competency hearing.  The

transcript of the probation revocation hearing demonstrates that Robinson understood the reason

for the hearing, the consequences of his actions, and the process by which he could present

further information regarding his mental health to the court.  There also is no indication that

Robinson's "overall demeanor" before the Superior Court was so "bizarre or irrational" as to

indicate that he was incompetent. *See Jermyn*, 266 F.3d at 294.  In fact, Robinson's responses to

the judge during the violation of probation sentencing were "courteous, responsive, and

thoughtful."  *Id*.  Additionally, no medical reports had been submitted to the Superior Court

indicating a question about Robinson's competency.[2]

    Accordingly, based on the record before it, the court concludes that the Delaware

Supreme Court's decision rejecting Robinson's due process claim was neither contrary to, nor an

---

[2]The record clearly demonstrates that the Superior Court based its decision to proceed
without conducting a competency hearing because there was no documentation to support
Robinson's statement that he needed a  mental evaluation.  For example, the Superior Court
judge wrote a letter to Robinson's warden, dated August 25, 2003, informing the warden of
Robinson's continued allegations of his mental issues and stating that, "[i]f you believe a
psychiatric examination is appropriate at DPC and need the Court to be involved, then I am
willing to consider such an order as part of his overall sentencing scheme."  (D.I. 11,  Exh. K,
attached to State's Motion to Affirm in *Robinson v. State*, No.415, 2003.)  Further, in denying
Robinson's motion for modification of his violation of probation sentence,  the Superior court
judge noted that it was denying the motion due to the absence of "written documentation from
the Department of Correction or other medical authorities to the court that [he is] medically and
psychologically unable to participate in the Key, Crest, or Family Problems Programs." *Id*. at
Exh. M.  In the same order, the Superior Court stated that "if medical staff at DOC believe it is
appropriate that you receive additional evaluations, they may either arrange those evaluations or
petition the Court on your behalf." *Id*.

unreasonable application of, Supreme Court precedent.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that Robinson's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Robinson's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

8

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

CHARLES M. ROBINSON,        )
                                        )
            Petitioner,        )
                                        )
      v.                 )     Civ. A. No. 04-945-GMS
                                        )
THOMAS CARROLL, Warden,     )
                                        )
           Respondent.     )

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. Charles M. Robinson's petition for the writ of habeas corpus, filed pursuant to 28

U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED.  (D.I. 2.)

2.  The court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).


Dated: March 30 , 2006

_____
UNITED STATES DISTRICT JUDGE